UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO: 8:18-cr-449-T-27JSS

**ROBERT SCIOLINO**
_____

**ORDER**

**BEFORE THE COURT** is correspondence received from Defendant Sciolino that is construed as a motion requesting to be placed on home confinement pursuant to 18 U.S.C. § 3624(c)(2) due to the ongoing COVID-19 pandemic. (Dkt. 96). A response is unnecessary. The construed motion is **DENIED**, as this Court lacks jurisdiction to modify Sciolino's sentence.

On June 10, 2019, after pleading guilty to one count of receipt of child pornography and two counts of possession of child pornography, Sciolino was sentenced to three concurrent terms of 120 months imprisonment followed by three concurrent terms of twenty-five years supervised release. (Dkt. 83 at 2-3). He seeks a modification of his sentence on the basis that "the prison is presently involved in a court battle over COVID 19 and their inability to [allow] us to follow social distancing and other CDC guidelines due to overcrowding," that he suffers with rheumatoid arthritis and if he "were to contract COVID 19, that [he] would be at high risk of severe or life threatening complications." (Dkt. 96 at 1). He requests to temporarily continue his sentence on home confinement. (Id. at 2). This court, however, lacks jurisdiction over his request.

"When a court sentences a federal offender, the [Bureau of Prisons] has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544, 550 subpart F (2010)). Indeed,

the authority to place a prisoner on home confinement rests solely with the BOP.[1] *See* 18 U.S.C. § 3624(c)(2); *United States v. Henry Lee Brown*, Case No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020) (finding that "a district court 'has no authority to grant [a defendant's] request for placement in home confinement. Rather, § 3624(c)(2) grants the BOP with the exclusive authority to determine an inmate's place of confinement.'" (citation omitted)). Accordingly, the Court is without authority to grant Sciolino relief and therefore, the motion to modify his sentence is **DENIED**.

**DONE AND ORDERED** this 10th day of June, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[1] Section 3624(c)(2) states:

> Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

Moreover, the CARES Act expanded the BOP's authority under § 3624(c)(2):

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(2). "The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement." *United States v. Phillips*, Case No. 6:16-CR-198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020) (footnote omitted).